IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 4:18-CV-00121 |
| | ) | |
| v. | ) | |
| | ) | |
| LELAND CHARLES HECKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Comes now the Plaintiff by Marc Krickbaum, United States Attorney for the Southern District of Iowa, and William C. Purdy, Assistant United States Attorney for the Southern District of Iowa, and for its cause of action alleges:

(1)     This is a civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345.

(2)     The Defendant, Leland Charles Heckman, may be served by delivering a copy of the summons and complaint to him in Warren County, Iowa, within the jurisdiction of this court.

(3)     On or about April 17, 2013, the Defendant, Leland Charles Heckman, executed and delivered to the Plaintiff, the United States of America, acting through the Farm Service Agency (FSA), United States Department of Agriculture, a promissory note whereby he promised to pay the Plaintiff the sum of $107,000.00, with interest thereon at 1.25 percent per annum.  A true and correct copy of the promissory note is attached as Exhibit A.

(4)     Repayment of the indebtedness is secured by a perfected security interest in certain personal property, including crops, livestock, equipment, and after-acquired property.  To

secure repayment of the indebtedness, the Plaintiff executed a security agreement dated November 19, 2013, and signed by the Defendant on June 26, 2014.  The subject personal property, on information and belief, is located in Warren County, Iowa, and is more particularly described in the security agreement, a true and correct copy of which is attached as Exhibit B.

(5) The security agreement is evidenced by a UCC-1 Financing Statement, filed with the Iowa Secretary of State on March 13, 2013, as document number E13019550-0.  A Continuation was filed February 1, 2018, as document number E18007260-3. The security interest granted the United States has been continuously perfected since March 13, 2013. True and correct copies of the Financing Statement and Continuation are attached as Exhibit C.

(6) The Defendant has failed to pay the Plaintiff installments of principal and interest when due in violation of the provisions of the promissory note and security instruments.  The Plaintiff has accelerated the indebtedness and made demand for payment in full.  Such payment has not been received, and the Plaintiff is entitled to foreclose its security interest.  A true and correct copy of the acceleration letter is attached as Exhibit D.

(7) The Plaintiff has received a Mandatory Mediation Release, a true and correct copy of which is attached as Exhibit E, and may initiate a civil action in this matter pursuant to Iowa Code §§ 654A.6 and 654A.11.

(8) The Plaintiff has completed all loan servicing requirements of applicable statutes and regulations.

WHEREFORE, the Plaintiff prays for judgment *in rem* against the personal property and *in personam* against the Defendant, Leland Charles Heckman, in the amount of $64,900.37 as of March 13, 2017, plus accruing interest and costs.  This includes $63,590.19 in principal; and $1,310.18 in interest as of March 13, 2017, plus interest accruing thereafter at the daily rate of

$2.1777 per day to the date of judgment, together with interest at the legal rate thereafter; plus the costs of this action.

The Plaintiff further prays that its security instruments be declared a valid prior lien on the personal property described therein; that its security instruments be foreclosed; and that all legal right, title, and interest which the Defendant has in the personal property described therein be sold at public sale in accordance with 28 U.S.C. §§ 2001 – 2004, inclusive, and as directed by the Court; and that the proceeds arising from the sale be applied in the following order:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and this action;

(3) The interest accruing on the Plaintiff's judgment *in rem* against the personal property and *in personam* against the Defendant, Leland Charles Heckman;

(4) The Plaintiff's judgment *in rem* against the personal property and *in personam* against the Defendant, Leland Charles Heckman; and

(5) The balance, if any, be brought into the court to await its further order.

The Plaintiff further prays that all right, title, and interest in and to the personal property of the Defendant described in the security instruments and of all persons claiming by, through, or under him be decreed to be junior and inferior to the Plaintiff's security instruments and be absolutely barred and foreclosed.

The Plaintiff further prays for an order naming FSA as a substitute custodian to be responsible for the location, moving, and storage of the personal property subject to the foreclosure herein prior to its sale by the United States Marshals Service, and authorizing the Marshals Service and FSA to safely enter upon any real property upon which such personalty may be located in order to remove it for sale.

The Plaintiff further prays that it be granted such other relief as the Court may deem just and equitable.

                          United States of America

                          Marc Krickbaum
                          United States Attorney

By:   */s/William C. Purdy*
        William C. Purdy
        Assistant United States Attorney
        110 E. Court Avenue, Suite 286
        Des Moines, IA 50309
        Tel: 515-473-9315
        Fax: 515-473-9282
        E-mail: bill.purdy@usdoj.gov

This form is available electronically.

| | | Form Approved - OMB No. 0560-0237 |
|---|---|---|
| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | (See Page 3 for Privacy Act and Paperwork Reduction Act Statements.) Position 2 |

## PROMISSORY NOTE

| 1. Name LELAND CHARLES HECKMAN | | 2. State IOWA | 3. County WARREN |
|---|---|---|---|
| 4. Case Number 16-091-0869 | 5. Fund Code 44 | 6. Loan Number 01 | 7. Date April 17, 2013 |
| 8. TYPE OF ASSISTANCE OL-BF-Reg-7YR | 9. ACTION REQUIRING PROMISSORY NOTE: | | |
| | ☒ Initial loan  ☐ Conservation easement  ☐ Deferred payments | | |
| | ☐ Consolidation  ☐ Rescheduling  ☐ Debt write down | | |
| | ☐ Subsequent loan  ☐ Reamortization | | |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in (a) OSCEOLA, IOWA or at such other place as the Government may later designate in writing, the principal sum of (b) ONE HUNDRED SEVEN THOUSAND AND NO/100************************************** dollars (c) ($ 107,000.00********************************, plus interest on the unpaid principal balance at the RATE of (d) ONE AND ONE FOURTH percent (e) 1.25 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) EIGHT (8) ************************************************ installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 16,061.00 | 03-01-2014 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and (d) $ 16,061.00 thereafter on the (e) 1ST OF MARCH of each (f) YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) SEVEN (7) ************* years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _LH_ Date _4/17/13_

FSA-2026 (12-05-12)                                                                                                               Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _LH_   Date _4/17/13_

FSA-2026 (12-05-12)                                                                                    Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_____
LELAND CHARLES HECKMAN    (BORROWER)

        Avenue
        IA

---

NOTE:  The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

| This form is available electronically. | Form Approved - OMB No. 0560-0238 |
|---|---|
| FSA-2028 (09-03-10) | (See Page 7 for Privacy Act and Public Burden Statements). |
| | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency |
| | Position 1 |

## SECURITY AGREEMENT

1. THIS SECURITY AGREEMENT, *dated (a)* __November 19__, __2013__, is made between the United States of America acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and (b) **LELAND CHARLES HECKMAN,**

(Debtor), whose mailing address is (c) _____ IA _____

2. BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

NOW THEREFORE, in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _LH_ Date _6/26/14_

FSA-2028 (09-03-10)                                                                                          Page 2 of 7

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm or Other Real Estate Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from Named Town or Other Description |
|---|---|---|---|
| DC Heckman | 410 | WARREN, IA | Secs. 27 & 34, T75N, R24W (White Oak) |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _CH_   Date _6/26/14_

FSA-2028 (09-03-10)                                                                                                          Page 3 of 7

(c) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* Iowa

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Tractor | New Holland | TS130A | Good | 2007 | ACP280886 |
| 2 | 1 | Loader |  | 840TL |  |  |  |
| 3 | 1 | Baler | Heston/MF | 1837 | Good | 2011 | AGCM18370CHBS2124 |

Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial *LH*   Date  6/26/14

FSA-2028 (09-03-10)

Page 4 of 7

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of (1)

Iowa

| (2) Line No. | (3) Quantity | (4) Kind-Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |

Initial _LH_  Date _6/26/14_

FSA-2028 (09-03-10)                                                                                                    Page 5 of 7

(c) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

(A) All crops, livestock, farm products, equipment, certificates of title goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance indemnity payments, and all entitlements, benefits, and payments from all state and federal farm programs;

(B) All proceeds, products, accessions, and security acquired hereafter. The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause. Disposition of such collateral is not hereby authorized.

### 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a) Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and *(3)* other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b) Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h) In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _LH_  Date _6/26/14_

FSA-2028 (09-03-10)

Page 6 of 7

**4. IT IS FURTHER AGREED THAT:**

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

   (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

   (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

   (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _LH_  Date _6/26/14_

FSA-2028 (09-03-10)                                                                                                          Page 7 of 7

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _/s/ Leland Heckman_                          6B. (Date) _6/26/14_
LELAND CHARLES HECKMAN


_____               (Date) _____
Debtor

---

NOTE:  The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

---

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

|  |  |
|---|---|
| **UCC FINANCING STATEMENT**<br>FOLLOW INSTRUCTIONS (front and back) CAREFULLY | E13019550-0<br><br>**FILED**<br>**SECRETARY OF STATE**<br>**IOWA**<br><br>2013-03-13 09:24 |
| A. NAME & PHONE OF CONTACT AT FILER [optional] | |
| B. SEND ACKNOWLEDGEMENT TO: (Name and Address)<br><br>FARM SERVICE AGENCY | |
|  | THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY |

DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name - do not abbreviate or combine names

ORGANIZATION'S NAME

OR

| INDIVIDUALS LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Heckman | Leland | Charles | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
|  |  | IA |  | USA |

| TAX ID# SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | TYPE OF ORGANIZATION | JURISDICTION OF ORGANIZATION | ORGANIZATIONAL ID # if any |
|---|---|---|---|---|

SECURED PARTY'S NAME (or NAME OF TOTAL ASSIGENEE of ASSIGNOR S/P) - insert only one secured party name

ORGANIZATION'S NAME

OR

United States Of America-Farm Service Agency

| INDIVIDUALS LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 709 Furnas Drive Suite 2 | Osceola | IA | 50213 | USA |

This FINANCING STATEMENT covers the following collateral:
(A) All crops, livestock, farm products, equipment, certificates of title goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance indemnity payments, and all entitlements, benefits, and payments from all state and federal farm programs; (B) All proceeds, products, accessions, and security acquired hereafter. The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause. Disposition of such collateral is not hereby authorized.

ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum  |  Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]  ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

OPTIONAL FILER REFERENCE DATA

MISCELLANEOUS

This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as extracted collateral, or is filed as a ☐ fixture filing.
Description of real estate:

Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured Home Transaction -- effective 30 years
☐ Filed in connection with a Public-Finance Transasction -- effective 30 years

Exhibit C
Page 1 of 2

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGEMENT TO: (Name and Address)

FARM SERVICE AGENCY

E18007260-3

FILED
SECRETARY OF STATE
IOWA

2018-02-01 08:19

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

INITIAL FINANCING STATEMENT FILE NUMBER: E13019550-0

☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement.

☐ ASSIGNMENT (full or partial): Provide name and address of Assignee and name of Assignor in sections below.

☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

☐ PARTY INFORMATION CHANGE:
Check one of these two boxes: This Change affects ☐ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:
☐ CHANGE name and/or address: Give current record name, new name (if name change), and/or new address (if address change) in sections below.
☐ ADD name: Complete Name, and also Address section below.
☐ DELETE name: Give record name to be deleted in section below.

COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (name of Assignor, if this is an Assignment). If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

ORGANIZATION'S NAME: United States Of America-Farm Service Agency

OR INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

OPTIONAL FILER REFERENCE DATA

Use this space for additional information

Exhibit C
Page 2 of 2

 **USDA** United States Department of Agriculture

5-FLP, Exhibit 49

## NOTICE OF ACCELERATION OF FARM LOAN PROGRAMS ACCOUNTS SECURED BY REAL ESTATE AND/OR CHATTELS IN CASES NOT INVOLVING BANKRUPTCY

CERTIFIED MAIL

December 14, 2016

Leland Charles Heckman

............, IA .....

Subject: **NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT**

Dear Mr. Heckman:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | April 17, 2013 | $107,000.00 |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreement, and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| UCC Financing Statement | 3/13/2013 | Iowa Secretary of State | E13019550-0 |

Farm Service Agency
709 Furnas Drive, # 2, Osceola, IA 50213
Phone: (641) 342-2162   Fax: (855) 211-4021
USDA is an equal opportunity provider and employer

Exhibit D
Page 1 of 3

5-FLP, Exhibit 49

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments.

The reasons for the acceleration of your indebtedness are as follows:

The indebtedness due is $63,590.19 unpaid principal, and $1,116.36 unpaid interest, as of 12/14/2016, plus additional interest accruing at the rate of $2.1777 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies.

If your account is referred to the Department of Justice for foreclosure and/or other collection activity after foreclosure, such as a deficiency judgment or enforcing a judgment lien, attorney's fees may be added to your debt as well as a Department of Justice fee of 3 percent.

Full payment may be made in any of the following ways:

A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to FSA at 709 Furnas Drive, #2, Osceola, IA 50213. If you submit to the UNITED STATES any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the UNITED STATES may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact FSA immediately if you are interested in this.

C) SALE

You may sell the collateral for your loans for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact FSA immediately if you are interested in this.

5-FLP, Exhibit 49

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS.

UNITED STATES OF AMERICA

BY: _____
District Director
Farm Service Agency
United States Department of Agriculture

Notice to Customers Presenting Checks
When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please contact your local office.

Privacy Act – A privacy Act Statement required by 5.U.S.C. § 552a (e) (3) stating our authority for soliciting and collecting the information from your check, and explaining the purposes and routine uses which will be made of your check information, is available from our internet site at (http://www.fms.treas.gov/otcnet/index.html), or call toll free at (1-866-945-7920) to obtain a copy by mail. Furnishing the check information is voluntary, but a decision not to do so may require you to make payment by some other method.

110 W. Fourth Street  
Spencer, IA 51301



Phone: 712-262-7007  
Fax: 712-264-3038  
Email: hostwald@smunet.net

**IOWA MEDIATION SERVICE**

Farmer/creditor mediation (Code of Iowa, Section 654A.11)   Case # B1-120115

## MANDATORY MEDIATION RELEASE

This certification constitutes a release for the below-listed requesting parties to initiate a proceeding to enforce a debt against agricultural property, which is real estate under Chapter 654, to forfeit a contract to purchase agricultural property under Chapter 656, to enforce a secured interest in agricultural property under Chapter 554, or to otherwise garnish, levy on, execute on, seize, or attach agricultural property.

This release certifies that:

( X )   a mediation session was not held because the borrowers failed to participate as prescribed by the rules established under Iowa Law (Chapter 654).

(  )   a mediation session was held and the parties listed below participated as required by Iowa Law (Chapter 654)

(  )   the borrower waived his/her rights to mediation by executing a signed Waiver of Mediation form.

_____   Date: December 15, 2015  
IMS Staff Signature - Hank Ostwald

Requesting Party:   USDA, Farm Service Agency  
709 Furnas Drive, Suite 2  
Osceola, IA  50213

Responding Party:   Leland C. Heckman  
_____, IA _____

Loan Number(s):   44-02

Exhibit E  
Page 1 of 1